NO. 07-08-0427-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 13, 2010
_____

THE STATE OF TEXAS, APPELLANT

V.

GREGORY THORNTON, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419888; HONORABLE JIM B. DARNELL, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**


The State appeals the trial court's ruling suppressing evidence of a crack pipe after the stop of appellee, Gregory Thornton.  We reverse and remand for further proceedings.

Background

On April 11, 2008, appellee was walking with another individual along the 2000 block of Avenue M in Lubbock, Texas.  As appellee was walking, Officer Jordan Roberts of the Lubbock Police Department was on patrol and observed the two individuals walking

in the roadway. According to Roberts, he decided to stop the two individuals for jaywalking. Roberts lifted his shirt and displayed his badge and ordered the individuals to stop. As Roberts exited his vehicle, he noticed that appellee had dropped an object. After securing the individuals, Roberts walked to the dropped object and found a shattered crack pipe. Roberts then checked for outstanding warrants and, upon finding an outstanding warrant, arrested appellee on the outstanding warrant as well as cited him for possession of drug paraphernalia. Appellee's present case is for the offense of tampering with evidence.

At a suppression hearing, appellee contended that Roberts did not have sufficient reasonable suspicion to stop appellee. To support his position, appellee questioned Roberts about the "jaywalking" provisions.[1] Under section 552.005, appellee argued that he did not violate the statute because "a pedestrian shall yield the right of way to a vehicle . . . at a place other than a marked crosswalk." TEX. TRANSP. CODE ANN. § 552.005(a) (Vernon 1999). Appellee believes he complied with this statute because there was no testimony that appellee obstructed or interfered with traffic. Furthermore, under section 552.006, appellee agreed that "if a sidewalk is not provided, a pedestrian walking along the and on a highway shall if possible walk on the left side of the roadway or the shoulder of the highway facing oncoming traffic." TEX. TRANSP. CODE ANN. § 552.006(b) (Vernon Supp. 2009). Appellee contends he did not violate this statute because he was crossing the

---

[1] Texas does not have a statute prohibiting "jaywalking." However, the parties discussed section 552.005, Crossing at Point Other Than Crosswalk, and section 552.006, Use of Sidewalk, of the Texas Transportation Code during the proceedings.

street rather than walking along the street. At the conclusion of the hearing, the trial court found that appellee violated the law but then excluded the evidence.

## Standard of Review

In a motion to suppress hearing, the trial court is the sole trier of fact and judge of witness credibility and may believe or disbelieve all or any part of a witness's testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). We review the trial court's ruling on a motion to suppress evidence for abuse of discretion. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). "At the hearing on the motion the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony." Id. In reviewing the record, we defer to the trial court's determination of facts, particularly when the trial court's findings turn on an evaluation of the credibility and demeanor of the witnesses. See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We apply the same deference in reviewing the trial court's rulings on mixed questions of law and fact to the extent that the rulings turn upon a similar credibility evaluation. Id. If a mixed question of law and fact does not turn on a witness's credibility and demeanor, however, we review the trial court's determination *de novo*. Id.

When the trial court has not made a finding on a relevant fact, we imply the finding that supports the trial court's ruling, so long as it finds some support in the record. See State v. Kelly, 204 S.W.3d 808, 818-19 (Tex.Crim.App. 2006); see also Moran v. State, 213 S.W.3d 917, 922 (Tex.Crim.App. 2007). We will uphold the trial court's ruling if it is

3

reasonably supported by the record and is correct under any theory of law applicable to the case. State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006).

Law and Analysis

In this cause, the trial court entered findings of fact and conclusions of law. Specifically, the trial court found that

1.  Officer Roberts stated that he observed [appellee] and another individual walking in the street.

2.  As he [Officer Roberts] approached the individuals, Officer Roberts stated [appellee] reached into his pocket and threw something to the ground.

3.  Officer Roberts then found object [appellee] had dropped, and he testified it was broken pieces of what appeared to be a crack pipe.

4.  The officer's only reason for approaching these two individuals was that they were jaywalking.

Although the trial court then made a conclusion of law regarding the sufficiency of the evidence to support a conviction for tampering with physical evidence, the trial court did not make a conclusion of law regarding the legality of the initial stop. The only relevant conclusion of law made by the trial court is that "[j]aywalking is a violation of the law (Section 552.006 of the Transportation Code)."

From the trial court's findings, and giving deference to the trial court, we conclude the trial court found that the police officer made the stop based on violation of section 552.006 of the Texas Transportation Code. Although appellee raised the possibility that appellee did not violate section 552.006 because appellee was crossing the street rather

4

than walking in the street, the trial court made no such finding.[2] In reviewing the record, we defer to the trial court's determination of facts, particularly when the trial court's findings turn on an evaluation of the credibility and demeanor of the witnesses. See Guzman, 955 S.W.2d at 89. With these trial court findings, will now review the trial court's conclusions of law *de novo*. Id.

Since Roberts observed a violation of the law, Roberts had sufficient reasonable suspicion to initiate an encounter and, therefore, performed a legal stop. See Ford v. State, 158 S.W.3d 488, 492-94 (Tex.Crim.App. 2005) (objective standard rather than the subjective intent of the officer is used to determine the legality of a stop). As long as an actual violation occurred, law enforcement officials are free to enforce the laws and detain a person for that violation regardless of the officer's subjective reason for the detention. See Garcia v. State, 827 S.W.2d 937, 943-44 (Tex.Crim.App. 1992). Having deferred to the trial court's finding that the facts supported a finding that appellee had violated the law, we conclude that it was improper for the trial court to suppress evidence discovered during the legal encounter initiated after Roberts observed a violation of a traffic law.

---

[2] In fact, after stating that jaywalking is a violation of section 552.006, the trial court further made the statement that "it is a statute that is rarely enforced except when officers want to circumvent probable cause to stop someone they suspect may possess drugs or stolen property." Although this statement is not based on any evidence, it would appear consistent with a trial court finding that appellee, indeed, violated section 552.006.

For the foregoing reasons, we reverse and remand to the trial court for further proceedings consistent with this ruling.

Mackey K. Hancock
Justice

Do not publish.